IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAR N. MARION,

                                                                          ORDER

              Plaintiff,

                                                        09-cv-723-bbc

     v.

JANEL NICKELS, DYLON RADTKE,
CHAD KELLER and B. NEUMAIR,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff War N. Marion, a prisoner at the Columbia Correctional Institution, has filed a pro se complaint under 42 U.S.C. § 1983. He alleges that he has been placed in "segregation" after defendant Chad Keller gave him a ticket for fighting, defendant B. Neumair changed the charge to battery, defendant Dylon Radtke found him guilty of battery and defendant Janel Nickels refused to investigate plaintiff's complaint about the other defendants' alleged misconduct. In addition, plaintiff contends that the conduct report is "retaliation for current lawsuit." Presumably, plaintiff is referring to Marion v. Radtke, No. 07-cv-243-bbc, which is in the discovery phase, after being remanded by the Court of Appeals for the Seventh Circuit. Marion v. Columbia Correction Institution, 559 F.3d 693

1

(7th Cir. 2009).

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. In a previous order, dkt. #5, I concluded that plaintiff was indigent and I directed him to make an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), which the court has received. Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed plaintiff's complaint, I conclude that he may not proceed at this time because his complaint is missing important information required by Fed. R. Civ. P. 8.

Plaintiff asserts two theories in his complaint: due process and retaliation. With respect to his due process claim, plaintiff should know from his other lawsuit that not all prison disciplinary decisions are governed by the due process clause. Rather, in the prison context, due process is limited to "atypical and significant hardships," unless the decision involves an increase in the duration of the prisoner's confinement. Marion, 559 F.3d at 695. In Marion, the court concluded that "disciplinary segregation can trigger due process protections *depending on the duration and conditions of segregation.*" Id. at 697 (emphasis added). Although plaintiff alleges that he is in segregation because of defendants' conduct, he

2

includes no allegations about the duration *or* the conditions of segregation. Under Iqbal v. Ashsroft, 129 S. Ct. 1937, allegations in a complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id. at 1949, "which means that a plaintiff must include some allegations about each element, or at least allegations from which a court can draw reasonable inferences about each of the elements." Riley v. Vilsack, No. 09-cv-308-bbc, – F. Supp. 2d – , 2009 WL 3416255, *7 (W.D. Wis. Oct. 21, 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562 (2007)). Thus, plaintiff cannot state a claim upon which relief may be granted without including facts about the length of his segregation sentence and the nature of the conditions in segregation.

More generally, it is not clear why plaintiff has included some of the defendants in the complaint. With respect to defendant Keller, plaintiff's only allegation is that Keller gave him a disciplinary ticket for fighting. However, plaintiff does not deny that he was fighting with another prisoner and he includes no allegations suggesting that Keller gave him the ticket for retaliatory reasons. Also, plaintiff does not allege that Keller was involved in a denial of due process. If plaintiff wants to keep Keller as a defendant, he must include factual allegations supporting a claim for relief against Keller. Fed. R. Civ. P. 8(a)(2) (complaint must contain " a short and plain statement of the claim showing that the pleader is entitled to relief").

With respect to Neumair, plaintiff alleges that this defendant issued him a false

conduct report for battery. However, as I explained to plaintiff after the remand of his other case,

> [A] court "will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999); see also Lagerstrom v. Kingston, 463 F.3d 621, 624-25 (7th Cir. 2006). Although this law may seem unfair, it relates to the nature of the due process clause, which is directed primarily at improving the accuracy of decisions through fair procedures rather than direct review of the evidence. McPherson, 188 F.3d at 787 ("Therefore, even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.")

Marion v. Radtke, No. 07-cv-243-bbc, 2009 WL 1373660, *3 (W.D.Wis. May 14, 2009). Plaintiff may mean to allege that defendant Neumair changed the conduct report in retaliation for plaintiff's lawsuit. Although this is a potentially viable claim, e.g., Lehn v. Holmes, 364 F.3d 862, 868 (7th Cir. 2004), plaintiff includes no allegations that would explain why plaintiff's lawsuit would prompt Neumair to retaliate against him. Neumair is not a defendant in plaintiff's other lawsuit; in fact, plaintiff does not even allege that Neumair is *aware* of plaintiff's other lawsuit. Morfin v. City of East Chicago, 349 F.3d 989, 1005 (7th Cir. 2003) ("The protected conduct cannot be proven to motivate retaliation if there is no evidence that the defendants knew of the protected activity.")

With respect to defendant Nickels, plaintiff's only allegation is that she "failed to investigate into this incident." However, a prison official may be held liable under § 1983 only if she *caused* the constitutional violation; plaintiff may not sue individuals for failing to

4

correct a violation that has already occurred. Burks v. Raemisch , 555 F.3d 592, 596 (7th Cir. 2009) (rejecting "contention that any public employee who knows (or should know) about a wrong must do something to fix it"); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (rejecting argument "that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself"); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002) ("[T]he Constitution . . . does not require states to prosecute persons accused of wrongdoing.").

Accordingly, plaintiff may have until January 28, 2010, to file an amended complaint that complies with Rule 8. With respect to his due process claim, plaintiff must include allegations about his conditions in segregation and the length of time he was placed there. With respect to his retaliation claim, he must explain why he believes a particular defendant would retaliate against him because of his other lawsuit. With respect to both claims, plaintiff must explain how each defendant was involved in the constitutional violation. If plaintiff did not intend to assert both legal theories against each of the defendants, he should state in his amended complaint which claims he is asserting against each defendant.

To be clear, plaintiff should file an amended complaint that can *replace* his original complaint; he should not simply file a supplement. Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). In other

5

words, plaintiff should start from scratch, including in his amended complaint all the allegations he is relying on to support his claims. The Federal Rules of Civil Procedure do not allow multiple complaints in one case; a case may have one operative pleading only. Boriboune v. Berge, No. 04-C-15-C, 2005 WL 256525, *1 (W.D. Wis. Jan. 31, 2005) ("[P]arties are not allowed to amend a pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket. If [plaintiffs] wish to amend their complaint, they must file a proposed amended complaint that will completely replace the original complaint.") The reason for such a rule is plain enough. If the "operative pleading" consists of multiple documents, the scope of plaintiffs' claims becomes unclear, particularly in a case such as this one in which the two complaints overlap to some degree. To avoid ambiguity, the complaint must be self-contained.

ORDER

IT IS ORDERED that plaintiff War Marion may have until January 28, 2010 to file an amended complaint that complies with Fed. R. Civ. P. 8. If plaintiff fails to respond by that date, I will dismiss the case for plaintiff's failure to state a claim upon which relief may

be granted.

Entered this 13th day of January, 2010.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        BARBARA B. CRABB
                                        District Judge