IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAR N. MARION,

                                                       ORDER

Plaintiff,

                                                     09-cv-723-bbc

v.

JANEL NICKELS, DYLON RADTKE,
CHAD KELLER and B. NEUMAIR,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff War N. Marion has filed a proposed amended complaint in response to this court's January 14, 2010 order in which I concluded that his original complaint failed to comply with the notice requirements of Fed. R. Civ. P. 8. Although it was clear from plaintiff's original complaint that he wished to bring a claim of retaliation for his exercise of the right of access to the courts as well as a claim of a violation of his right to due process, it was not clear whether the punishment plaintiff received triggered the protections of the due process clause or whether each of the defendants was personally involved in a constitutional violation.

I conclude that plaintiff's proposed amended complaint has addressed these deficiencies and complies with Rule 8. With respect to the retaliation claim, plaintiff alleges that defendant Chad Keller (a lieutenant at the prison) directed or persuaded defendant B. Neumair (a correctional officer) to falsely alter a conduct report from "fighting" to the more

1

serious charge of "battery" in retaliation for another lawsuit that plaintiff filed in this court against defendants Keller, Dylon Radtke and Janel Nickels, Marion v. Radtke, No. 07-cv-243-bbc. In addition, plaintiff alleges that defendant Ratdtke (the hearing officer) retaliated against him by finding him guilty of the conduct charged in the report and that defendant Nickels continued the retaliation by refusing to overturn the decision even though she knew it was false.

For a number of years in this circuit, plaintiffs could state claims for retaliation simply by identifying the protected conduct and the alleged acts of retaliation. E.g., Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004); Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002); Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). The court of appeals has not had an opportunity to revisit this standard in light of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic, Inc. v. Twombly, 550 U.S. 544 (2007), in which the Supreme Court held that courts may not accept conclusory allegations as true and that complaints must include enough "factual context" to state a claim to relief that is "plausible on its face."

Although Thomson, Walker and Higgs may no longer represent the full pleading requirements for a retaliation claim, I conclude that in this case, plaintiff has alleged the minimum facts necessary to state a claim. Even before the court of appeals liberalized pleading requirements for retaliation claims in cases like Higgs, it was enough for a plaintiff to allege "a chronology of events from which retaliation may be inferred." Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994). It is unlikely that Iqbal and Twombly require a standard

any more demanding than that. Plaintiff alleges that defendants fabricated a charge against him without any basis for doing so shortly after the court of appeals revived his claim. Marion v. Columbia Correction Institution, 559 F.3d 693 (7th Cir. 2009). Although one might question the likelihood that plaintiff will be able to prove his allegations, that is not the test. Even after Iqbal and Twombly, courts must accept even "unrealistic," Iqbal, 129 S. Ct. at 1951 or "improbable," Twombly, 550 U.S. at 556, allegations so long as they are sufficiently specific. Riley v. Vilsack, No. 09-cv-308-bbc, – F. Supp. 2d –, 2009 WL 3416255, *8 (W.D. Wis. Oct. 21, 2009) ("A complaint is implausible under Iqbal and Twombly not because the allegations are fanciful, but because they are too conclusory or because they fail to include facts about the elements of a claim.") (internal citation and quotations omitted). Although plaintiff's allegations could be more specific, they provide enough factual context to raise his claim above the level of mere speculation, which is all that Twombly and Iqbal require. Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.")

With respect to plaintiff's due process claim, he alleges that defendant Radtke was biased against him, refused without a legitimate reason plaintiff's request to call witnesses and refused to allow him to present important evidence that was available, such as the video tape of the incident between him and the other prisoner involved in the altercation. When due process applies to a prison disciplinary decision, it requires officials to provide the prisoner with an impartial decision maker and an opportunity to present evidence and call witnesses, Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007), so the procedural

3

deficiencies plaintiff alleges could give rise to a claim.

In his original complaint, the problem with respect to the due process claim was that plaintiff had failed to sufficiently identify the punishment he received. He said that he was placed in "segregation," but that was insufficient because a punishment of segregation does not trigger the protections of the due process clause unless the conditions of segregation are sufficiently severe or the time in segregation is sufficiently long. Marion, 559 F.3d at 697. Although plaintiff does not address this problem in the body of his amended complaint, he attaches a classification report, which I may consider as part of the amended complaint. Fed. R. Civ. P. 10(c); Beanstalk Group Inc. v. AM General Corp., 283 F.3d 856, 858 (7th Cir. 2002). That report states that plaintiff was sentenced to 360 days of disciplinary separation, which is a form of segregation. Under Marion, 559 F.3d at 699, "periods of confinement [in segregation] that approach or exceed one year may trigger [the protections of the due process clause] without any reference to conditions." Because plaintiff alleges that he was sentenced to segregation for almost one year, I conclude that he states a claim under the due process clause against defendant Radtke.

The only problem with the amended complaint is that plaintiff did not sign it as required by Fed. R. Civ. P. 11. Accordingly, I am returning a copy of the amended complaint to plaintiff. He may have until February 15, 2010, to sign the last page of the amended complaint and return it to the court. Once the court receives a corrected copy, I will allow plaintiff to proceed on his retaliation and due process claims and direct service of the complaint on defendants. If he fails to respond by February 15, I will dismiss the case.

ORDER

IT IS ORDERED that plaintiff War Marion may have until February 15, 2010, to return a signed copy of his amended complaint. If plaintiff fails to respond by that date, I will dismiss the case for plaintiff's failure to comply with Fed. R. Civ. P. 11.

Entered this 2nd day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge