IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAR N. MARION,

        Plaintiff,

v.

JANEL NICKEL, DYLON RADTKE,
CHAD KELLER and B. NEUMAIER,

        Defendants.

ORDER

09-cv-723-bbc

---

Plaintiff War Marion moves for an order permitting him to inspect the May 23, 2009 surveillance tape to see the incident that is the subject of this complaint and to have the defendants produce a photograph of the view from tower 4. (Dkt. #31). He also asks to be allowed to serve discovery requests on C.O. Boundik (Bavinick), a prison officer at Columbia Correctional Institution.

Defendants have agreed to accept discovery requests for Bavinick.

Defendants oppose plaintiff's motion to allow him to inspect the surveillance tape. Defendants have submitted a the affidavit of Janel Nickel in which she declares under penalty of perjury that she has viewed the surveillance tape and that it did not show the physical altercation between inmates or any events leading up to the incident. Because the tape does not show the incident, it need not be produced. This is similar to the situation where a prison official submits an affidavit stating that documents do not exist. Information that does not exist need not be produce. Therefore, I will deny plaintiff's request for an order allowing him to inspect the surveillance tape.

Finally, defendants points out that because no photographs exist of the view from tower 4, they cannot produce them. Further, there is nothing in the rules that require them to take the photographs. However, Fed. R. Civ. P. 34(a)(2) permits a party to inspect the area viewed from Tower 4. Defendants argue that the view of this area is not relevant to whether the fight occurred and that the plaintiff has not alleged that any of the tower officers committed any error. I agree with defendants that the view from the tower is not relevant to the issues in this case. Also, as defendants point out, security concerns militate against disclosing what can be seen from the tower because this information might allow inmates to plan activities outside the view of the tower guards. Therefore, plaintiff's request to inspect this area will be denied.

ORDER

IT IS ORDERED that plaintiff's motion to inspect surveillance tape and to order defendants to produce photographs of the view from tower 4, dkt. #31, is DENIED.

Entered this 30th day of July, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge