IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAR N. MARION,

                Plaintiff,                          ORDER

      V.                                                09-cv-723-bbc

JANEL NICKELS, DYLON RADTKE,
CHAD KELLER and B. NEUMAIR,

                Defendants.

---

      Plaintiff War Marion has filed two motions for injunctive relief in which he asserts that Columbia Correctional Institution staff is retaliating against him by terminating his legal loan privileges.

      As an initial matter, there is no indication that plaintiff sent a copy of his motions to Jody Schmelzer, counsel for the defendants. In the future, the court will not consider any paper plaintiff files in connection with this case unless plaintiff shows that he mailed a copy to Assistant Attorney General Schmelzer as required by Fed. R. Civ. P. 5.

      The question whether the legal loan policy being enforced by the Columbia Correctional Institution impermissibly interferes with plaintiff's constitutional right of access to the courts is not an issue plaintiff raised in his complaint filed in this court. To the extent that plaintiff is contending that prison officials are retaliating against him because he filed this lawsuit, this court requires a party to present a motion for a preliminary injunction against such alleged retaliation in a lawsuit separate from the one which is alleged to have provoked the retaliation. This is to avoid the complications that can result from accumulating disparate claims in one action.

      The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit. If plaintiff were able to make this showing, I may ask defendants' counsel to look into the matter and report the circumstances to the court.

With regard to plaintiff's assertions that denial of his legal loan privileges has interfered with his access to the court, I cannot find that plaintiff is being prevented physically from pursuing this lawsuit. Although plaintiff argues that the termination of his legal loan has affected his ability to respond to defendants' motions, plaintiff has not made a showing that this has occurred. Plaintiff has submitted documentation showing that defendants have terminated his legal loan, but has not submitted documentation showing that defendants failed to mail plaintiff's outgoing legal mail or the reason that they did so. The fact that plaintiff's current motions and attached documents were posted and mailed to the court after termination of his legal loan demonstrates that plaintiff *is* able to communicate with this court despite limitations on his legal loan privileges.

Plaintiff's quarrels with prison officials about his inability to obtain legal loans is a matter that are not properly raised in the context of a motion for a preliminary injunction in this case. Rather, plaintiff is free to challenge the prison's actions by filing a petition for a writ of certiorari in Wisconsin state court or file a new lawsuit in federal court at some future time if he can show that the state's failure advance plaintiff legal loan funds prevented him from prosecuting a legally meritorious action. Plaintiff will have to do the best he can with the limited resources he has. Like any other person on a tight budget, plaintiff must make careful choices about how he allocates his limited income.

ORDER

IT IS ORDERED that plaintiff's motions for a preliminary injunction, dkts. ##34 and 38, are DENIED.

Entered this 11th day of August, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2