IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAR N. MARION,

                    Plaintiff,                                    ORDER

        v.

JANEL NICKEL, DYLON RADTKE,                              09-cv-723-bbc
CHAD KELLER and B. NEUMAIER,

                    Defendants.

---

        Plaintiff War Marion is proceeding in this case on retaliation and due process claims.

Now before the court are plaintiff's motion to compel discovery (dkt. 40), second motion to

compel discovery (dkt. 41), requests for discovery from non-parties (dkts. 42 and 43) and a

motion for issuance of a subpoena (dkt. 44).

        In plaintiff's motion to compel discovery, he requests for the first time photographs of

any injuries resulting from the May 23, 2009 fight between him and another inmate.

Defendants now have provided these pictures.  Plaintiff requests any videos taken from hand-

held video recorders.  Defendants have responded that no such videos exist.  Plaintiff revisits his

request to manufacture and disclose photographs from Tower 4.  I set out the court's reasons

for denying this request in the July 30, 2010 order and nothing has changed.  As a result of all

this, plaintiff's motion to compel will be denied.

        In his second motion to compel, plaintiff seeks to compel defendant Keller to respond

to Interrogatories 6 and 8 and defendant Radtke to respond to Interrogatory 12.  As to

interrogatories 6 and 12, defendants responded that they were unable to recall the conversations

referenced in the interrogatories.  These are adequate responses: a party cannot disclose what it

does not have.  Defendant Keller has filed a supplemental response to interrogatory 8, which is

an adequate response.  Therefore, plaintiff's motion to compel further responses will be denied.

Plaintiff has submitted discovery requests for non-parties, William F. Lefevre, Roy Devenport, (dkts.42 and 43) and Daniel Bavinick, (attached to dkt. 40). Defendants have agreed to respond to these requests. (Plaintiff has also submitted a rest for discovery for non party Debra K. Wilson (attached to dkt. 43). Defendants have not agreed to answer these discovery requests because Wilson is unavailable. This is an acceptable response regarding discovery requests aimed at non-parties who are not available to a party's attorneys).

Finally, plaintiff moves for a subpoena to inspect the May 23, 2009 surveillance video tape. Plaintiff's request to view the surveillance videotape was denied on July 30, 2010 based on an affidavit by Janel Nickel that the tape did not show the incident. Therefore, plaintiff's motion for a subpoena to view the videotape will be denied.

## ORDER

IT IS ORDERED that:

1.  Plaintiff's motion for an order compelling discovery, dkt. 40, is DENIED.

2.  Plaintiff's second motion to compel discovery, dkt. 41, is DENIED.

3.  Plaintiff's motion for a subpoena to view the surveillance video, dkt. 44, is DENIED.

4.  Defendants will respond to requests for discovery, dkt. 42 and 43.

Entered this 16th day of August, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge