IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAR N. MARION,

                              Plaintiff,

    v.

JANEL NICKEL, DYLON RADTKE,
CHAD KELLER and BENJAMIN NEUMAIER,

                              Defendants.

ORDER

09-cv-723-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff War Marion's trial in this prisoner civil rights case is scheduled for March 21, 2011. Now before the court is plaintiff's motion for my recusal or disqualification, which will be denied.

    28 U.S.C. §§ 144 and 455 apply to motions for recusal and disqualification of judges. Section 144 requires a federal judge to recuse herself for "personal bias or prejudice." Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify herself if she "has a personal bias or prejudice concerning a party." Because the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they

1

Copy of this document has been provided to: _Marion_

this _9th_ day of _Mar_, 20_11_
by _[signature]_
S. Vogel, Secretary to
Judge Barbara B. Crabb

may be considered together. <u>Brokaw v. Mercer County</u>, 235 F.3d 1000, 1025 (7th Cir. 2000). In deciding whether a judge must disqualify herself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. <u>Hook v. McDade</u>, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal under § 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." <u>Id.</u> (citation and quotation omitted).

In his motion, plaintiff asks for my recusal, but his brief is somewhat confusing because he cites rulings made by Magistrate Judge Stephen Crocker as evidence of my misconduct. I understand plaintiff to be alleging that I am biased against him and have allowed Magistrate Judge Crocker to make various biased rulings in this case. Even assuming that plaintiff could use Magistrate Judge Crocker's rulings as evidence of my bias, I will deny plaintiff's motion for recusal because none of the rulings show any bias.

Plaintiff takes specific issue with Magistrate Judge Crocker's February 22, 2011 order denying plaintiff's motion to subpoena non-parties for purposes of taking their depositions. In the order, Magistrate Judge Crocker stated his reasons for denial:

> [Plaintiff] has not shown that he will be able to pay the stenographer's fee or witness fees and mileage expenses for these witnesses. In any case, plaintiff made his request too late for the court to grant it. The discovery cutoff date was February 18, 2011, and plaintiff does not explain why he waited so long to notice up these depositions.

Dkt. #96. Plaintiff alleges that I lied in stating that plaintiff filed his motion on February

2

17, 2011 even though this motion was sent to the court on February 14, 2011, in order to make it look as if he had waited until the day before the discovery cutoff to file his motion. Additionally, plaintiff states that because the April 23, 2010 preliminary pretrial conference order gives parties until seven days before trial to submit deposition transcripts to the court, dkt. #22, he would have had time to take depositions.

Leaving aside the fact that it was Magistrate Judge Crocker, not me, who stated that the motion was filed on February 17, 2011, dkt. #96, the statement or the denial of plaintiff's motion does not indicate any wrongdoing on the part of the court. It is customary for the court to state that a document is "filed" when it is received and date-stamped by the clerk of court. Furthermore, plaintiff misunderstands Magistrate Judge Crocker's ruling and the preliminary pretrial conference order if he thinks a February 14, 2011 motion for deposition would have been timely. Filing the motion four days before the deadline is little better than filing it one day before the deadline given the difficulties plaintiff would have had in organizing depositions to be taken at the prison. The fact that parties have until seven days before trial to file deposition transcripts does not mean that plaintiff had up until that time to actually take depositions— the discovery cutoff date was February 18, 2010, and as Magistrate Judge Crocker stated in his February 22, 2011 order, the discovery cutoff date crates "an intentional one-month gap between the discovery cutoff and the trial date . . . so that the parties have a "safe harbor" in which to prepare for trial using their timely-obtained

3

evidence without having to worry about new evidence surfacing or about being interrupted by an opponent's late discovery demands." Dkt. #96. No matter when the motion could be considered "filed," plaintiff failed to explain why he waited so long to seek these subpoenas and instead waited until it was only days before the discovery deadline.

In any case, plaintiff's motion was denied for another reason: he failed to show that he would be able to pay the stenographer's fee or witness fees and mileage expenses. Plaintiff disputes this by stating that the court was aware that he was proceeding in forma pauperis, but as I stated in the March 3, 2011 order in this case, plaintiff is mistaken in thinking that he has a "right" to take depositions without paying for them. See, e.g., Alston v. Pafumi, No. 3:09 CV 1978(CSH), 2011 WL 63420, *1 (D. Conn. Jan. 5, 2011) ("The statute authorizing indigent persons to file an action without prepayment of the filing fee, 28 U.S.C. § 1915, does not authorize the payment of deposition expenses by the court."); Jackson v. Woodford, Civil No. 05 CV 0513-L(NLS), 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007)("Pursuant to 28 U.S.C. § 1915(a), [p]laintiff's in forma pauperis status entitles him to . . . free service of process by United States Marshals, however, it does not entitle him to waiver of witness fees, mileage or deposition officer fees.") (citations omitted).

More generally, plaintiff argues that my (and Magistrate Judge Crocker's) rulings throughout this case show bias against him and will cause him to have an unfair trial. However, none of these rulings requires recusal or disqualification under 28 U.S.C. §§144

4

and 455. Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion); United States v. Slaughter, 900 F.2d 1119, 1126 n.5 (7th Cir. 1990) (bias and prejudice must be personal, not based on particular judicial proceeding.) Accordingly, I will deny plaintiff's motion for recusal or disqualification.

ORDER

IT IS ORDERED that plaintiff's motion for recusal or disqualification, dkt. #108, is DENIED.

Entered this 9th day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge